UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL VASQUEZ DE LEON,<br>Petitioner,<br>v.<br>MINGA WOFFORD, *et al*.,<br>Respondents. | Case No. 1:26-cv-05047 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 23. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

Based on review of the parties' submissions, the Court finds the following facts. Petitioner is a native of Honduras who entered the United States in 1999, and has lived in the country ever since. Dkt. No. 1 ¶ 1. He has been married to a United States citizen since 2002, with whom he has three children who are also United States Citizens. *Id*. ¶ 2. Prior to his arrest he worked at a grocery store pursuant to a valid work authorization through USCIS. *Id*. Aside from a single arrest on October 4, 2025 for driving without a valid license, Petitioner appears to have no criminal history. Dkt. No. 7-1 at 3.

On October 5, 2025, Petitioner was detained by ICE after he was pulled over by police for allegedly driving 60 miles per hour in a 50 mile per hour zone. Dkt. No. 7-3 at 3. After determining that Petitioner did not possess a valid driver's license, police arrested him and transferred him to ICE custody the next day. Dkt. No. 7-1 at 2. Petitioner has remained detained since his arrest nearly ten months ago and has not been provided a bond hearing as Respondents

maintain that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b). *See* Dkt. No. 8 at 1.

As the Court has in the past, it rejects Respondents' argument that Petitioner may be detained under § 1225(b). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

As Respondents only argue that Petitioner was detained pursuant to § 1225(b), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), the appropriate remedy is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-

01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner).

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 4, 2026

VINCE CHHABRIA
United States District Judge